# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6944 | **DATE** | 1/22/2002 |
| **CASE TITLE** | Wilson vs. Sundstrand Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment (36-1) is denied. Construing the motion as a motion to dismiss, it is denied as to the German and Italian plaintiffs, and held in abeyance as to the Indonesian plaintiffs. The Indonesian plaintiffs have until 2/5/02 to file a memorandum on the issue described in the body of this opinion, and until 3/22/02 to file the "power of attorney" documentation described in the opinion. Plaintiff's motion for appointment of special administrators (63-1 & 65-1) are denied. Plaintiff's motion to strike (64-1) is likewise denied. The case is set for a status hearing on 2/1/02 at 9:30.m to set discovery and trial dates.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 68 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | 02 JAN 24 PM 1:54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LYNDA WILSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SUNDSTRAND CORP., <br><br> Defendants. | Case No. 99 C 6944 |
| HERRY ROSIDIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SUNDSTRAND CORP., <br><br> Defendants. | Case No. 99 C 6946 |

**DOCKETED**

**JAN 2 5 2002**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

These actions stem from the crash of Garuda Indonesia Flight GA-152 in Indonesia in September 1997. Defendant Sundstrand Corporation is alleged to have manufactured the aircraft's ground proximity warning system, which plaintiffs allege was defective and which they claim caused the crash. Both cases were filed in state court, and Sundstrand removed them to this Court in October 1999 based on diversity of citizenship.

Defendant seeks summary judgment on the grounds that the plaintiffs lack capacity to sue. As an initial matter, we question whether a claim of lack of capacity would provide an appropriate basis for summary judgment; it would appear that dismissal of the plaintiff's

/ 8

complaint, not summary judgment, is the appropriate action to take when a plaintiff lacks capacity to sue. *Cf. Whitcomb v. Ford Motor Co.*, 79 F.R.D. 244, 245 (M.D. Pa. 1978) (Rule 17 contemplates dismissal of action not brought by real party in interest).

Each of the German plaintiffs (Dieter Thieme and Thorsten Muller) has submitted documents that, according to plaintiffs' German law expert, identifies the particular plaintiffs as the sole heir of certain of the deceased German passengers and confers upon him the authority to bring suit on behalf of the deceased. Affidavit of Ulrich von Jeinsen ¶¶10-12. Defendant's German law expert does not contest these opinions. Rather, he focuses on the absence of court action, stating that none of the German plaintiffs has been appointed by a German court as administrator, executor, or guardian of the estate of the deceased person that he claims to represent. Affidavit of P. Nikolai Ehlers ¶¶9-14. But defendants' expert does not indicate that German law provides for a procedure to appoint an administrator in cases such as these; indeed, he states that German law "does not recognize the concept of a personal representative of a decedent." *Id.* ¶9. According to plaintiffs' expert, under German law, an administrator may be appointed only if the deceased's assets are insufficient to pay his creditors; an executor is appointed only if the deceased had a will; and a guardian is appointed only if the heirs are unknown. None of these conditions exist with regard to the deceased German passengers. *See* Supplemental Affidavit of Ulrich von Jeinsen ¶¶8-10.

Each of the Italian plaintiffs (Francesco Gammuto and Adone Borghi) was granted power of attorney by all of the heirs of a deceased Italian passenger to act as representative of the deceased's estate. According to plaintiffs' Italian law expert, Italian law authorizes this procedure and confers upon the recipient of the power of attorney the authority to bring suit on

behalf of the deceased. Affidavit of Gianvincenzo Lucchini ¶¶4-8. As with the German plaintiffs, defendant's Italian law expert does not contest this; rather he points out that no court approved the power of attorney or entered an order conferring authority on the power of attorney's recipient, and he argues that the documents in question were not properly notarized. Affidavit of Filippo Muratori ¶¶5-12. But as with the German plaintiffs, defendants do not suggest that any other procedure exists under Italian law for authorizing a person to bring suit on behalf of a deceased. And the Court is satisfied that the documents have been properly notarized.

Things are a bit more complicated with respect to the plaintiffs purporting to represent the deceased Indonesian passengers. Plaintiffs' expert in Indonesian law states that with regard to deceased Indonesians who are of the Muslim faith, a religious court declares the identity of the heirs of the deceased and determines the order of distribution of the estate. With regard to non-Muslims, the National District Court has similar authority. The court with responsibility over the particular decedent issues a document which, according to plaintiff's expert, has the effect under Indonesian law of conferring power and authority on the part of a designated person to act on behalf of the deceased; this, according to plaintiffs' expert, confers the authority to bring a lawsuit as the representative of the deceased. Plaintiffs' expert says that each of the Indonesian plaintiffs has the necessary documentation which under Indonesian law authorizes them to bring suit on behalf of the deceased person that they purport to represent. Affidavit of Elly Erawaty ¶¶2-11.

Defendant's expert on Indonesian law, like its experts on Italian and German law, focuses on the lack of court appointment of the plaintiffs as administrators of the deceased persons' estates. But his carefully-worded affidavit does not describe any established procedure under

3

Indonesian law to appoint an administrator to bring a lawsuit on behalf of a deceased person.[1] He claims that any of the Indonesian plaintiffs could apply to an Indonesian court to obtain a declaration authorizing them to act on behalf of the deceased for the purpose of filing suit, *see* Affidavit of Andrew Sriro ¶¶25-26, but on careful examination it is clear that he is claiming that an Indonesian court's general authority is likely to be broad enough to authorize this, not that any such procedure actually exists under Indonesian law. *Id.* ¶¶20-23. But beyond the issue of court appointment, defendant's expert contends that the documents that the Indonesian plaintiffs have tendered are not sufficient to give them the right to sue: he says that if suit is brought on behalf of a deceased Indonesian, under Indonesian law all heirs must join as plaintiffs or must grant power of attorney to a particular heir or representative. *Id.* ¶17. Based on the current record, it does not appear that any of the Indonesian plaintiffs has obtained power of attorney from all the heirs of the particular deceased.

The issue of plaintiffs' capacity to sue is governed by Illinois law. Fed. R. Civ. P. 17(b). The various plaintiffs purport to represent citizens of Germany, Italy, and Indonesia. They have brought claims under the Illinois Wrongful Death Act and the Illinois Survival Act. The Wrongful Death Act provides a cause of action for the benefit of a deceased person's surviving spouse and next of king to compensate them for their losses. 740 ILCS 180/1 & 2. The Survival Act permits the filing of an action to recover damages for the deceased person's injuries prior to death. 755 ILCS 5/27-6; *Patch v. Glover*, 248 Ill. App. 3d 562, 573, 618 N.E.2d 583, 592 (1993).

---

[1] Though defendant's expert states that Indonesian law permits a testator to designate a person to administer his estate, *see* Affidavit of Andrew Sriro ¶11, that is beside the point, as there is no indication that any of the deceased Indonesian passengers had done so.

4

Defendant argues that because none of the plaintiffs is the court-appointed administrator of the estate of the deceased person that he or she purports to represent, each of them lacks capacity to sue. Neither the Wrongful Death Act nor the Survival Act, however, expressly requires the plaintiff to receive a court appointment as a prerequisite to suit. The Wrongful Death Act requires that the action be brought by the "personal representatives" of the deceased, 740 ILCS 180/2; a single heir cannot bring an action under the statute. *In re: Estate of Harnetiaux v. Hartzell,* 91 Ill. App. 2d 222, 227, 234 N.E.2d 81, 83-84 (1968). To avoid multiple lawsuits, the statute requires that a single action be brought on behalf of all persons entitled to recover. *Pruitt v. Jockisch,* 228 Ill. App. 3d 295, 298, 591 N.E.2d 942, 944 (1992). But the statute's language does not require that the personal representative in all cases be court-appointed.

The same is true of the Survival Act. The statute, which is part of the Probate Act, does not itself provide for a cause of action; rather it states that certain types of actions survive a person's death. 722 ILCS 5/27-6. It says nothing about who can bring suit on behalf of the deceased. Defendant relies on another provision of the Probate Act which states that if no letters of administration are issued in Illinois on the estate of a non-resident decedent, letters of administration issued by a court of competent jurisdiction of any other state, territory, or country will permit the recipient of the letters to sue in Illinois. 755 ILCS 5/22-3. But this statute does not *limit* who can sue; its self-evident purpose is to *permit* non-resident representatives to bring suit. Defendant relies on cases which state that "only the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action" under the Survival Act, *e.g., Wilmore v. Stibolt,* 152 Ill. App. 3d 642, 504 N.E.2d 916, 918 (1987), but none of those

5

cases involved a deceased person who was a citizen of a foreign country.

The purpose of the "personal representative" requirement in these statutes is twofold: to ensure that the person bringing the wrongful death / survival action is authorized to do so, and to avoid a multiplicity of suits. It is likely that when the Illinois legislature enacted the Wrongful Death Act and the Survival Act, it took as its governing premise the proposition that other legal systems would have some mechanism similar to Illinois' procedure for court appointment of an administrator. Conversely, it is reasonable to assume that the legislature did not make a survey of the law of the various countries of the world and did not come to a decision that only some of those countries had procedures sufficient to permit a plaintiff to sue in Illinois courts. There is no basis to believe that the legislature intended to bar the door of the Illinois courts to persons who, under the law of a foreign legal system different from our own, are fully and properly authorized to sue on behalf of a deceased person. If a foreign legal system lacks a procedure for appointment of an administrator of an estate but has some other mechanism which accomplishes these purposes, we see no basis to require more and do not believe that the Illinois courts would require more if faced with the issue.

Based on the materials submitted to the Court, the German, Italian, and Indonesian legal systems lack a procedure for appointing a special administrator or the equivalent in matters such as these, but each of them has a mechanism for ensuring that the person acting on behalf of the estate is authorized to do so, and is the sole person authorized to do so. The German and Italian plaintiffs have complied with these procedures. The Indonesian plaintiffs, however, are missing an element that defendant's expert says is critical: a power of attorney from all of the heirs of the deceased authorizing the plaintiff to file suit. Because that claim was made in defendant's reply,

6

plaintiffs have not had a chance to address it.

Though the Indonesian plaintiffs must provide more (either a response definitively showing that defendant's expert is wrong on the point we have cited, or proper powers of attorney as defendant's expert describes) in order to convince the Court that they are proper representatives, neither summary judgment nor immediate dismissal is appropriate. Rather, the appropriate course is to allow plaintiffs a reasonable time to rectify the defect or convince the Court that it does not exist. *Cf. Audio-Visual Marketing Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976) (action not brought by real party in interest should not be dismissed until plaintiff has been given reasonable time to remedy the defect); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514-15 (6th Cir. 1974) (giving real parties in interest opportunity to join action).

Plaintiffs, seeking extra protection, have moved this Court to appoint them as special administrators. These motions are denied. A federal court lacks the authority to appoint a special administrator. *See Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984). If plaintiffs want a court in this country to appoint them as special administrators, they must go to state court. It may be wise for them to do so irrespective of our ruling that it is not necessary. Though the Court is confident of its ruling, there is no reason why plaintiffs should incur the risk of an erroneous decision.

## Conclusion

For the reasons stated above, defendant's motion for summary judgment [docket item 36-1] is denied. Construing the motion as a motion to dismiss, it is denied as to the German and Italian plaintiffs, and held in abeyance as to the Indonesian plaintiffs. The Indonesian plaintiffs

have until February 5, 2002 to file a memorandum on the issue described in the body of this Opinion, and until March 22, 2002 to file the "power of attorney" documentation described in the Opinion. Plaintiffs' motions for appointment of special administrators [items 63-1 & 65-1] are denied. Plaintiff's motion to strike [item 64-1] is likewise denied. The case is set for a status hearing on February 1, 2002 at 9:30 a.m. for the purpose of setting a discovery cutoff date and a trial date.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 22, 2002

8