Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6944 | **DATE** | 1/3/03 |
| **CASE TITLE** | Wilson vs. Sundstrand Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, defendant's motions to bar expert testimony of Stan Smith, Max Vermij, and William McIsaac (194-1, 202-1, 205-1) and its motion to strike plaintiffs' supplemental expert reports are denied. Pursuant to 37(c)(1), plaintiffs' counsel are directed to pay defendant $7,500 within 30 days of this order as a sanction for non-compliance with Rule 26(a)(2)(B). The trial date of 2/24/03 is reset to 3/10/03 at 9:45 a.m. Date for filing pretrial order is extended to 2/21/03. Pretrial conference is reset to 3/3/03 at 3:00p.m. from 2/14/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 6 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 232 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA WILSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 99 C 6944 |
| SUNDSTRAND CORP., | ) ) | |
| Defendant. | ) ) | |
| HERRY RASYIDIN HARAHAP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 99 C 6946 |
| SUNDSTRAND CORP., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Sundstrand Corporation has moved to bar testimony from three expert witnesses identified by plaintiffs, two of whom will be offered to give testimony regarding liability issues and one of whom will be offered to give testimony regarding damages. It argues that their reports do not measure up to the standards of Federal Rule of Civil Procedure 26(a)(2)(B). After Sundstrand filed the motions, plaintiffs supplemented the experts' reports to attempt to cure the defects. In reply, Sundstrand asks the Court to strike the supplements, arguing that they are untimely and that permitting supplementation would unfairly prejudice Sundstrand in view of the rapidly approaching February 24, 2003 trial date. Sundstrand has also

232

filed a separate motion to strike the supplemental reports. For the reasons described below, the Court denies Sundstrand's motions to bar testimony and its motion to strike the supplemental reports but, in order to avoid unfair prejudice to Sundstrand, imposes a monetary sanction, extends the dates for the submission of Sundstrand's rebuttal expert reports, and resets the trial date to March 10, 2003.

## Discussion

The plaintiffs are the representatives of the deceased passengers of a Garuda Airlines jet that crashed in Indonesia in September 1997. They have sued Sundstrand Corporation, which they contend manufactured a ground proximity warning system (GPWS) with which they say the jet was equipped, arguing that the GPWS was defective and that this defect proximately caused the crash. These lawsuits were filed in state court approximately two years after the crash, and they were removed to this Court in October 1999. In December 2000, the Court set a fact discovery cutoff date of October 31, 2001. In July 2001, that deadline was extended to July 31, 2002. On February 1, 2002, the Court reset the deadline to October 31, 2002, advising the parties that no further extensions would be given, and also set the case for trial on February 24, 2003.

The Court did not set a schedule for disclosure of expert reports, and thus under Rule 26(a)(2)(C), the following schedule applied:

> In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs' initial expert reports were timely, but Sundstrand argues that they did not comply with Rule 26(a)(2)(B), which requires that an expert's report include, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." Fed. R. Civ. P. 26(a)(2)(B). The commentary accompanying the 1993 amendments to Rule 26, which added Rule 26(a)(2)(B), indicates that the "completeness" requirement contemplates that the report will be the rough equivalent of the expert's direct examination at trial. *See* Fed. R. Civ. P. 26, 1993 Advisory Committee Notes; *Salgado v. General Motors Corp.,* 150 F.3d 735, 738 n.6 (7th Cir. 1998).

The reports of plaintiffs' liability experts, Max Vermij (an accident reconstructionist) and William McIsaac (an airline pilot), did not comport with this standard or any other reasonable interpretation of Rule 26(a)(2)(B). Vermij's report was one and one-half pages long and simply stated conclusions (and terse conclusions at that) without providing any of his reasoning. McIsaac's report was of similar length, and although it provided a smidgen more information than Vermij's, it was essentially devoid of any of McIsaac's reasoning for his conclusions. Plaintiffs make only a half-hearted argument that these experts' initial reports were sufficient. They argue, without supporting documentation, that Vermij and McIsaac have submitted numerous reports of this ilk in other unnamed federal cases and have never been barred from testifying; but we have no way of knowing whether the sufficiency of their reports was ever challenged in those cases.

Though the report of Stan Smith (an economist) provided a listing of the proposed

damages for all twenty-six deceased passengers, it explained Smith's reasoning and the data he had relied upon for only one of them. This was likewise insufficient under Rule 26(a)(2)(B). Defendants were entitled to know what Smith had relied on to reach his conclusions with regard to all twenty-six; simply stating that he had performed similar calculations for all twenty-six was insufficient.

Plaintiffs argue that the supplemental reports of Vermij (dated December 20, 2002), McIsaac (also dated December 20, 2002), and Smith (dated December 18, 2002) comply with Rule 26(a)(2)(B)'s standards and cure any defects in the original reports. They rely on Rule 26(a)(2)(C)'s directive that "[t]he parties shall supplement [their Rule 26(a)(2)(B)] disclosures when required under [Rule 26](e)(1)," which in turn, by reference to Rule 26(a)(3), requires supplementation no later than 30 days before trial. *See* Fed. R. Civ. P. 26(a)(2)(C), 26(e)(1) & 26(a)(3). This, plaintiffs argue, entitled them to supplement the reports when and as they did.

Sundstrand does not argue that Vermij's or McIsaac's supplemental reports are missing any of the information required by the Rule, and it has only minor "sufficiency" objections to Smith's supplemental report. Its primary argument is that the provisions permitting supplementation may not be used as a device to evade Rule 26(a)(3)'s 90-day requirement; in other words, a party may not rely on the 30-day supplementation requirement as permission to cure a defective report so long as it is done at least 30 days before trial. In this regard the Court agrees with Sundstrand; as the Court has pointed out to plaintiffs, the Rules do not permit them, without penalty, to stick their toe inside the door 90 days before trial and then drive a truck through it one or two months later. *See Salgado,* 150 F.3d at 741-43 (affirming district court's ruling barring expert testimony where initial report was insufficient and precluding a cure via

4

supplementation). Rather, the Rules concerning supplementation contemplate correcting errors in, and adding later-acquired information to, an already-sufficient report.

Defendants have moved to strike the supplemental reports. Granting the motion likely would have the effect of precluding the testimony of Vermij and McIsaac entirely and precluding Smith's testimony as to all but one of the deceased passengers. In evaluating the issue of sanctions the Court is governed by Rule 37(c)(1), which provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

Plaintiffs argue that the belated completion of the experts' reports was justified, as certain information essential to the reports was still being gathered through the month of December. But the missing information would only justify a small fraction of the omissions from the initial reports; it does not explain why the reports amounted to the equivalent of a particularly sparse "executive summary" or PowerPoint outline. And just as importantly, plaintiffs' attorneys have no one other than themselves to blame if they acquired information too late to meet Rule 26(a)(2)(C)'s 90-day requirement. Both sides waited until what was, in the scheme of things, the last minute to begin conducting serious liability-oriented discovery; the Court repeatedly warned them that by doing so they ran a risk of being precluded from doing things they might have been

able to do if they had begun in timely fashion. Though Sundstrand's attorneys have thrown up every conceivable procedural roadblock in plaintiffs' path – in many instances without substantial justification – the Court is not persuaded that Sundstrand's conduct contributed in any meaningful way to plaintiffs' non-compliance with Rule 26(a)(2)(B) at the 90 day juncture.

Plaintiffs also argue that their non-compliance with the Rule is harmless, in that Sundstrand now has complete reports, before its own expert reports are due, and will be able to depose plaintiffs' experts four to six weeks before trial. All of that is true, but Sundstrand argues that it is nonetheless prejudiced; it contends that the time its experts have to analyze the reports, produce their own reports, and give their own depositions will be unfairly compressed and will occur during a period when defendants' attorneys should be free to prepare for trial. Sundstrand's claims of unfair prejudice are overstated; expert reports are supposed to be prepared by experts, not attorneys, and thus counsel should have no trouble preparing for trial while the experts prepare their reports on their own. And though it is generally the case that the job of a defense expert is, in part, to respond to what the plaintiff's expert says, Sundstrand should not have delayed the preparation of its liability experts' reports while litigating the sufficiency of the plaintiffs' reports. If it did so (and indeed it does not claim to have delayed), that was partly a strategic decision; the information relied upon by the plaintiffs' experts was equally available to Sundstrand. And if the defense was lacking anything, that was in significant part attributable to Sundstrand's counsel's strategy of conducting no discovery on liability until the last minute in the hope that plaintiffs would be unable to come up with evidence supporting their claims. Sundstrand is prejudiced to some extent – with regard to the diversion of counsel's attention from trial preparation – but the prejudice is anything but severe.

6

The question is whether the sanction Sundstrand seeks – a preclusion order that in all likelihood would sound the death knell for plaintiffs' claims – is appropriate. It is not. A trial court determining the appropriate sanction under Rule 37 or any other provision of the Federal Rules must ensure that the sanction is proportionate to the infraction and has a considerable degree of discretion in tailoring the sanction to the wrong. *See, e.g., Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000); *Salgado*, 150 F.3d at 740. Applying that standard, the Court finds that the sanction sought by Sundstrand would be unduly severe and, in addition, would undermine the Federal Rules' goals of just determination of lawsuits and ascertainment of the truth. *See* Fed. R. Civ. P. 1 ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); Fed. R. Evid. 102 ("These rules shall be construed . . . to the end that the truth may be ascertained . . . ."). Preclusion of the experts' testimony is not necessary to remedy any prejudice to Sundstrand.

On the other hand, Sundstrand has suffered some prejudice from plaintiffs' non-compliance with Rule 26(a)(2)(B). Though the prejudice is not sufficient to warrant precluding the experts from testifying, it would be unfair to make the burden of the plaintiffs' attorneys' delay fall on Sundstrand. Plaintiffs cannot run out most of the clock, turn the ball over to Sundstrand, and then argue that "time of possession" is not a significant measure of fairness. Rule 37(c)(1) specifically permits a court to impose a lesser sanction even in the case of an unjustified and prejudicial non-disclosure. In the present circumstances the Court believes that a monetary sanction, together with the other measures discussed below, is appropriate and proportionate to the infraction that plaintiffs committed.

The Court can minimize any unfair prejudice to Sundstrand by a combination of three

measures: extension of the time for submission of Sundstrand's expert reports; imposition of a monetary sanction to compensate Sundstrand for the time its attorneys reasonably were required to spend in challenging plaintiffs' inadequate original reports; and a short continuance of the trial date. First, the date for submission of Sundstrand's expert reports is extended to January 20, 2003, which will preserve the 30-day interval for rebuttal reports provided by Rule 26(a)(2)(C). The depositions of Sundstrand's experts must be taken by February 7, 2003, and Sundstrand is to make each expert reasonably available for deposition in Chicago after the submission of the expert's report and before February 7. Second, after assessing the amount of time reasonably necessary to prepare Sundstrand's three motions to bar and reply briefs[1] and to appear in court on those motions, and applying the Court's experience and its knowledge of reasonable hourly rates for attorneys, the Court imposes a monetary sanction upon plaintiffs' counsel of $7,500, representing 25 hours of attorney time at $300 per hour. This sanction is to be paid by plaintiffs' counsel by January 24, 2003 and may not be shifted to counsel's clients. Finally, the trial date of February 24, 2003 is vacated and reset to March 10, 2003.

As noted earlier, Sundstrand attacks economist Smith's supplemental report in various respects. Because this challenge came in its reply (because the supplemental report was not filed until after Sundstrand's original motion), plaintiffs have not had an opportunity to address it. But no matter. Smith's original report regarding one of the deceased passengers adequately explained Smith's opinions, the basis for those opinions, and his reasoning, and plaintiffs state without contradiction that the supplemental reports for the other twenty-five follow a similar

---

[1] The three motions were significantly duplicative and overlapping, as were the three reply briefs. They should have been presented in combined fashion rather than as three separate filings.

8

format. The apparent flaws exposed by Sundstrand may provide ample ammunition for cross-examination of Smith, and they conceivably may provide a basis for challenging some or all of his testimony via a motion *in limine,* but they are not of sufficient magnitude to warrant striking the original or supplemental reports or barring Smith from testifying at trial.

**Conclusion**

For the reasons stated above, defendant's motions to bar expert testimony of Stan Smith, Max Vermij, and William McIsaac [docket items 194-1, 202-1, 205-1] and its motion to strike plaintiffs' supplemental expert reports are denied. Pursuant to Rule 37(c)(1), plaintiffs' counsel are directed to pay defendant $7,500 within 30 days of this order as a sanction for non-compliance with Rule 26(a)(2)(B). The trial date of February 24, 2003 is vacated and reset to March 10, 2003 at 9:45 a.m. The date for filing the final pretrial order is extended to February 21, 2003, and the final pretrial conference date of February 14, 2003 is vacated and reset to March 3, 1003 at 3:00 p.m.

MATTHEW F. KENNELLY
United States District Judge

Date: January 2, 2003