## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6944 | **DATE** | 8/5/2003 |
| **CASE TITLE** | Wilson vs. Sundstrand Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court denies defendant's motion to bifurcate and instead adopts plaintiff's proposal for an exemplar trial. This case is set for a status hearing on Tuesday, 8/12/03 at 9:30 a.m., at which time the Court will identify the plaintiffs whose cases will be tried on the current trial date of 9/22/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 200 | |
| | Notified counsel by telephone. | | date docketed | 271 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/6/2003 | |
| | | courtroom deputy's initials | date mailed notice | |
| OR | | | OR | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA WILSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Nos. 99 C 6944 |
| ) | and 99 C 6946 |
| SUNDSTRAND CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| BETTY CROSSLAND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| SUNDSTRAND CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

These consolidated actions arise out of the crash of Garuda Indonesia Flight GA-152 in Indonesia in September 1997. The plaintiffs, who represent twenty-six passengers who died in the crash, have sued Sundstrand Corporation, which is claimed to have designed and built a ground proximity warning system, which plaintiffs contend was defective and caused the crash. Of the twenty-six passengers represented by the plaintiffs, eighteen were Indonesian, two were Italian, four were German, and two were British.

Sundstrand has moved pursuant to Fed. R. Civ. P. 42(b) to bifurcate the issue of liability from that of damages. Plaintiffs oppose the motion, and in their response they propose an

271

alternative: an exemplar trial or trials of a small number of plaintiffs. In its reply, Sundstrand takes umbrage at this proposal, arguing that it is not properly before the Court because it should be the subject of a separate motion, and declining to respond to the proposal on the merits. In the Court's view, Sundstrand had, and voluntarily waived, a fair opportunity to respond to plaintiffs' proposal, which was legitimately raised as part of their objection to bifurcation and did not have to be asserted as a separate motion.

Sundstrand argues that bifurcation would save the parties and the Court time and money, because if the jury finds in Sundstrand's favor on liability the case will be over and damages will not have to be tried. If the only alternatives were a single trial of both liability and damages, or the bifurcated trial for all twenty-six plaintiffs suggested by Sundstrand, there would be a good argument that the latter would be the better choice. A single trial that would guarantee examination of damages issues for twenty-six plaintiffs would indeed be a daunting prospect that would tax the resources of the persons summoned for possible jury service, the parties, and the Court. But those are not the only alternatives; a third choice is plaintiffs' proposal for an exemplar trial or trials.

The Court believes that a non-bifurcated exemplar trial of five to seven plaintiffs, if properly conducted, will be fair to both sides and will promote the speedy resolution of the entire case. A non-bifurcated trial will not unfairly prejudice Sundstrand by encouraging the jury to ignore the issue of liability and focus on damages. Non-bifurcated trials are the norm in our system. They are routinely conducted in this and other courts in all types of cases, including product liability / personal injury cases like this one. The jury will be instructed not to allow sympathy to influence its decision and will be told that it must determine liability before

considering damages. Juries in both civil and criminal cases are presumed to be able to follow instructions even when they are told to separate issues much more difficult to separate than liability vs. damages (for example, an instruction in a criminal case that the jury is not to consider the defendant's prior convictions as evidence of guilt). The Court sees no reason to believe that a jury will be unable to do so here.

An exemplar trial is likely to facilitate the resolution of the remainder of the case. It is likely that as a practical matter, the remaining plaintiffs' cases will be settled by the parties once they are able to get a real-life assessment of their respective cases. And even if that does not happen, the Court will consider making the judgment on the exemplar plaintiffs' cases final under Fed. R. Civ. P. 54(b), which would permit a prompt appeal that will bring even more certainty and finality to the proceedings. Finally, a bifurcated trial of all twenty-six plaintiffs' cases would pose significant logistical problems for the parties because, again as a practical matter, they would have to be prepared before the liability trial began to proceed immediately to the damages phase in the event of a plaintiffs' verdict (Sundstrand has proposed to have a single jury decide both phases), and every one of the representatives of the twenty-six plaintiffs who wanted to attend the trial would have to make plans to attend it in its entirety. An exemplar trial of a modest number of plaintiffs would greatly simplify both the attorneys' and the parties' planning and preparation.

**Conclusion**

For the reasons stated above, the Court denies defendant's motion to bifurcate and instead adopts plaintiffs' proposal for an exemplar trial. The trial will involve the cases of between five and seven of the victims of the crash. Each side is directed to submit to chambers, by noon on

3

Monday, August 11, a proposed list of five victims whose cases will be tried. In doing so, the parties are encouraged to give consideration to the issue of whether the representatives of the particular plaintiffs plan to attend the trial, the feasibility of travel arrangements, and whether the depositions of the particular plaintiff-representatives have been videotaped. This information should be included with the proposed lists. The case is set for a status hearing on Tuesday, August 12, 2003 at 9:30 a.m., at which time the Court will identify the plaintiffs whose cases will be tried on the current trial date of September 22, 2003.

MATTHEW F. KENNELLY
United States District Judge

Date: August 5, 2003